## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ALBERT MONTGOMERY,**

                            **Case No. 2:19-cv-3077**

    **Petitioner,**                   **Judge James L. Graham**

                            **Magistrate Judge Kimberly A. Jolson**

    **v.**

**WARDEN, ALLEN**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

### ORDER and
### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion to Proceed *in forma pauperis*. (Doc. 4). Upon consideration, the Court finds the Motion is meritorious, and, therefore, it is **GRANTED. WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so

appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his convictions after a trial in the Franklin County Court of Common Pleas on trafficking in cocaine and illegal manufacture of drugs. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} In December 2012, Montgomery was indicted on three counts of trafficking in cocaine, in violation of R.C. 2925.03 (Counts 1, 3, and 4), and one count of illegal manufacture of drugs, in violation of R.C. 2925.04 (Count 2). Counts 2 and 4 of the indictment each contained a school enhancement specification, namely that Montgomery committed the offense in the vicinity of a school, as defined under R.C. 2925.01. Montgomery waived his right to a jury trial, and the case was tried to the court in April 2013. Following the presentation of evidence, the trial court found Montgomery guilty on all four counts. On May 24, 2013, the trial court held a sentencing hearing. At the May 2013 sentencing hearing, the trial court indicated it was merging Counts 3 and 4 for the purpose of sentencing, and the plaintiff-appellee, State of Ohio, indicated its election to have Montgomery sentenced on Count 4. By entry filed May 28, 2013, the trial court imposed a sentence of 8 years incarceration each on Counts 1, 2, and 4, with Counts 1 and 2 to be served concurrent to each other, and consecutive to Count 4.

> {¶ 3} Montgomery appealed, challenging his convictions and sentences on various grounds. On September 30, 2014, this court issued a decision, affirming in part, and reversing in part, the judgment of the trial court. *See State v. Montgomery*, 10th Dist. No. 13AP–512, 2014–Ohio–4354. This court overruled Montgomery's assignments of error challenging his convictions, but sustained in part his assignment of error challenging his sentences. *Id*. at ¶ 68. This court found the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences. *Id*. at ¶ 65–67. Consequently, this court remanded the matter for resentencing. *Id*. at ¶ 67.

> {¶ 4} On November 21, 2014, the trial court held a resentencing hearing. By judgment entry filed November 24, 2014, the trial court again imposed the following sentences: 8 years incarceration each on Counts 1, 2, and 4, with Counts 1 and 2 to be served concurrent to each other, and consecutive to Count 4.

> {¶ 5} Montgomery timely appeals.

> II. Assignments of Error

{¶ 6} Montgomery assigns the following errors for our review:

[1.] The trial court's failure to order the State to designate at the November 21, 2014 hearing which of the two merged offenses it wished Appellant to be punished while indicating otherwise in its Judgment Entry constituted plain error and violated Crim. R. 43 and Appellant's right to due process of law memorialized in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.

[2.] Because the record does not support the lower court's consecutive sentence findings under R.C. 2929.14(C)(4) its imposition of consecutive punishment was contrary to law. These actions violated R.C. 2953.08(G)(2) and the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.

[3.] The Appellant's sentence is contrary to law because the trial court improperly employed the "sentencing package doctrine" in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution and R.C. 2953.08(A)(4).

*State v. Montgomery*, No. 14AP-1057, 2015 WL 4760682, at *1–2 (Ohio Ct. App. Aug. 13, 2015). On August 13, 2015, the appellate court affirmed the trial court's judgment. Petitioner did not file a timely appeal. On February 20, 2019, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Montgomery*, 154 Ohio St.3d 1509 (Ohio 2019).

On June 17, 2019, Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He asserts, as his sole ground for relief, that the trial court unconstitutionally imposed consecutive sentences in violation of state law. (*See Petition*, Doc. 1; *Memorandum in Support*, Doc. 5). Plainly, however, this action is time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198). Here, Petitioner's judgment of conviction became final on September 28, 2015,[1] forty-five days after the appellate court's August 13, 2015, decision denying his appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See Searcy v. Carter,* 246 F.3d 515, 517 (6th Cir. 2001); *Taher v. Warden*, No. 1:12-cv-400, 2013 WL 485789, at *6 (S.D. Ohio Feb. 6, 2013) (citations omitted). The statute of limitations began to run on the following day and expired one

---

[1] September 27, 2015, fell on a Sunday.

year later, on September 29, 2016. Nonetheless, Petitioner waited more than two years, until June 17, 2019, to file this habeas corpus petition.[2]

Petitioner does not indicate the date that he pursued a delayed appeal in the Ohio Supreme Court. The docket of the Franklin County Clerk indicates that, on December 28, 2018, he filed a Notice of Appeal in the Ohio Supreme Court. That action did not toll or otherwise affect the running of the statute of limitations, since the statute of limitations had already expired. "The tolling provision does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that, in order to obtain equitable tolling of the statute of limitations, a litigant must establish that he had diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED**. Petitioner's Motion for Appointment of Counsel (Doc. 6) is **DENIED as moot**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those

---

[2] Petitioner does not indicate the date that he executed the petition. (*See* Doc. 1, PAGEID # 15).

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date:   September 27, 2019                          /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE