IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALBERT MONTGOMERY,

        Petitioner,

    v.

WARDEN, ALLEN
CORRECTIONAL INSTITUTION,

        Respondent.

Case No. 2:19-cv-3077
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On September 27, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. (ECF No. 11.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 14.) Pursuant to 28 U.S.C. 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 14) is **OVERRULED**. The Report and Recommendation (ECF No. 11) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's Motion to Appoint Counsel (ECF No. 15) and Motion for Evidentiary Hearing (ECF No. 16) are **DENIED.**

The Court **DECLINES** to issue a certificate of appealability.

On May 24, 2013, the Franklin County Court of Common Pleas sentenced Petitioner to an aggregate term of eight years incarceration for his convictions after a trial on three counts of trafficking in cocaine and one count of illegal manufacture of drugs, with school enhancement specifications. On August 13, 2015, the appellate court affirmed the trial court's judgment. *State v. Montgomery*, No. 14AP-1057, 2015 WL 4760682 (Ohio Ct. App. Aug. 13, 2015). On

February 20, 2019, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *State v. Montgomery*, 154 Ohio St.3d 1509 (Ohio 2019). On June 17, 2019, Petitioner filed this habeas corpus petition. He asserts that the trial court unconstitutionally imposed consecutive sentences in violation of state law. The Magistrate Judge recommended dismissal of this claim as barred by the one-year statute of limitations under the provision of 28 U.S.C. § 2244(d).

Petitioner objects to that recommendation. He again argues that the trial court unconstitutionally violated state law in imposing consecutive terms of incarceration. Nonetheless, as discussed by the Magistrate Judge, the record plainly indicates that Petitioner filed this action more than two years after expiration of the one-year statute of limitations. Moreover, the record reflects no basis to apply equitable tolling of the statute of limitations. Further, and to the extent that Petitioner raises a claim regarding the alleged violation of state law or state sentencing statutes, the Court notes that this claim, in any event, does not provide a basis for relief. 28 U.S.C. § 2254(a). "State courts are, after all, [ ] the final arbiters of the state law's meaning and application and the federal habeas court is not the appropriate forum to adjudicate such issues." *Moreland v. Bradshaw*, 635 F.Supp.2d 680, 705 (S.D. Ohio April 10, 2009) (citing *Summers v. Leis*, 368 F.3d 881, 892 (6th Cir. 2004)). "[H]abeas exists only to correct errors of federal law, not state law[.]" *Moore v. Mitchell*, 708 F.3d 760, 791 (6th Cir. 2013) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

For these reasons, and for the reason detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 14) is **OVERRULED**. The Report and Recommendation (ECF No. 11) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's Motion to Appoint Counsel (ECF No. 15) and Motion for Evidentiary Hearing (ECF No. 16) are **DENIED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The

court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

Date: November 22, 2019

      s/James L. Graham
JAMES L. GRAHAM
UNITED STATES DISTRICT JUDGE